UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

JAVONE BROWN,

                Plaintiff,

-against-

THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER "JOHN DOE"
#1 THROUGH "JOHN DOE" #4 (first name being fictitious),
first name presently unknown, person more accurately
described in the complaint herein, POLICE OFFICER "JANE
DOE" #1, (names being fictitious) name presently
unknown, person more accurately described in the
compliant herein, AND NEW YORK CITY POLICE
SERGEANT "JOHN DOE" #1 (first name being fictitious),

                Defendants.
-----------------------------------------------------------------------X

**VERIFIED COMPLAINT AND JURY TRIAL**

Plaintiff, JAVONE BROWN, by his attorney, WALTER JOHN THOMPSON, complaining of the Defendants herein, respectfully alleges, upon information and belief, as follows:

## INTRODUCTION

1. This is a civil rights action brought by Plaintiff, Javone Brown, to seek relief for the Defendants' violations of his rights secured by 42 U.S.C. §§1983, 1988, and the rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, and such other relief as this Court deems equitable and just.

2. The claims arise from an incident that occurred on June 9, 2018 in which Officers of the New York Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Plaintiff to an unlawful search and seizure, battery, deprivation of liberty, and excessive force.

3. Plaintiff, invoking the pendent jurisdiction of this Court, also seeks monetary damages, as well as attorney's fees, for unlawful search and seizure, battery, deprivation of liberty, excessive force, and other violations of Plaintiff's constitutional rights as detailed below.

4. The Individual Defendants are sued in their Individual capacities a well as in their capacities as employees of Defendant, the City of New York, and its NYPD.

## JURISDICTION

5. Jurisdiction is founded upon 28 U.S.C. §§§§ 1331, 1342, 1367, 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in said judicial district.

## JURY TRIAL DEMAND

7. Plaintiffs hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

8. Plaintiff, JAVONE BROWN is a natural person and citizen of the United States and a resident of the State of New York and New York County.

9. Defendant THE CITY OF NEW YORK ("the City") is a municipal corporation duly incorporated and authorized under the laws of the State of New York pursuant to § 431 of its Charter. The City is authorized under the laws of the State of New York to maintain a police department, the New York Police Department ("NYPD") which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City

assumes the risks incidental to the maintenance of a police force and the employment of its police officers.

10. At all relevant times, the City of New York and its NYPD hired, employed, supervised and controlled the Individual Defendants.

11. Defendant POLICE OFFICER "JOHN DOE" #1 THROUGH "JOHN DOE" #4 are and/or were at all times relevant herein, officers, employees, and agents of the NYPD, a municipal agency of the City. They were duly appointed and acting as a Police Officers of the NYPD. They are sued in their Individual and official capacities.

12. Defendant POLICE OFFICER "JANE DOE" #1 is and/or was at all times relevant herein, an officer, employee, and agent of the NYPD, a municipal agency of the City. She was duly appointed and acting as a Police Officer of the NYPD. She is sued in her Individual and official capacities.

13. Defendant POLICE SERGEANT JOHN DOE #1 is and/or was at all times relevant herein, an officer, employee, and agent of the NYPD, a municipal agency of the City. He was duly appointed and acting as a Police Sergeant of the NYPD. He is sued in his Individual and official capacities.

14. All named Defendant Officers (collectively "the Individual Defendants") were, at all relevant times herein, on duty with the NYPD on June 9, 2018.

15. At all times relevant herein, all named Defendant Police Officers were acting under the color of state law in the course and scope of their duties and functions as agents, employees and officers of the City and/or the NYPD in engaging in the conduct described herein. At all times relevant herein, the Individual Defendants have acted for and on behalf of the City and/or the NYPD with the power and authority vested in them as officers, agents

and employees of the City and/or the NYPD and incident to the lawful pursuit of their duties as officers, employees and agents of the City and/or the NYPD.

## STATEMENT OF FACTS

16. Plaintiff, JAVONE BROWN, is an African-American male and resident of the State of New York, New York County.

17. On or about June 9, 2018, around 10:00 p.m., at the corner of 9th Street and Avenue D in New York County, Mr. Brown was a passenger in his friend's vehicle when they were racially profiled and stopped by Defendant Police Officers John Doe #1 through #4, Police Officer Jane Doe, and Police Sergeant John Doe.

18. The Defendant Officers told Mr. Brown to step out of the vehicle. When Brown asked for the reason, the Defendant Officers falsely told him that they had a warrant for arrest. Mr. Brown was subsequently arrested and detained by the Individual Defendants.

19. During the course of Mr. Brown's arrest, the Individual Defendants physically assaulted Mr. Brown, including punching, kicking, and stepping on his body multiple times. As a result of the physical assault, Mr. Brown sustained substantial and serious bodily injury, including, *inter alia*, trauma to his chest, ribs, and right hand.

20. The Defendant Officers maliciously, knowingly, and willfully lied to Mr. Brown to effectuate the arrest, as there had been no arrest warrant issued for Mr. Brown in fact.

21. Following the arrest and physical assault by the Officers, Mr. Brown was forcibly strip searched and anal probed without reasonable suspicion or probable cause.

22. After the unlawful strip search, several Police Officers came into his cell, removed their body cams and proceeded to violently beat and assault Mr. Brown without

provocation. Mr. Brown's injuries were so severe from the assault that an ambulance was required to take him to the hospital for medical attention.

23. Mr. Brown subsequently plead guilty to drug possession that resulted from the unlawful search and seizure, and he presently remains incarcerated as a result.

24. The conduct of the Individual Defendants in unlawfully restraining, searching, seizing, assaulting and arresting Mr. Brown proximately caused physical, emotional and financial injury to him, as well as serious physical and emotional pain and suffering, mental anguish, shock, fright, physical pain, humiliation, embarrassment and deprivation of Plaintiff's constitutional rights. Plaintiff suffered trauma, debasement and humiliation as a result of being assaulted, detained and arrested, unlawfully, without cause.

25. At all times relevant herein, the Individual Defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to Plaintiff's rights and physical and mental well-being by unlawfully restraining, seizing, and assaulting Plaintiff.

26. The actions of the Individual Defendants, as set forth herein, were the result of the failure of the NYPD to properly train, supervise and discipline its officers. This failure to train, supervise and discipline is a consequence of the deliberate policies and practices of Defendant City of New York and its NYPD. These policies and practices are in part responsible for the unconstitutional, wrongful, deliberate, malicious, negligent, careless and intentional actions of the Individual Defendants.

27. At all relevant times herein, Defendant City of New York, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned *de facto* policies, practices,

and/or customs exhibiting deliberate indifference to Plaintiff's constitutional rights which caused the violation of his rights.

28. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

29. The constitutional abuses and violations by Defendant City of New York, through the actions of its NYPD and all other named Defendant police officers, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant City of New York, including the failure: (a) to adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, and instead, acts of misconduct were tolerated by the City of New York.

30. Upon information and belief, Defendant City of New York has, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or using excessive force against Individuals.

31. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

32. Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff. As a direct and proximate result of the acts as stated herein by each of the Defendants, Plaintiff's constitutional rights have been violated which has caused him to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

33. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and/or customs which have directly and proximately caused such constitutional abuses.

### FIRST CAUSE OF ACTION

**UNLAWFUL SEARCH AND SEIZURE**
(42 U.S.C. §1983, Fourth, Fifth and Fourteenth Amendments)

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "30" as if more fully set forth at length herein.

35. Defendants' actions including the arrest, imprisonment, and confinement of Mr. Brown without probable cause, deprived Mr. Brown of the rights, privileges and immunities secured by the Constitution and the Fourteenth Amendment;

36. Defendants collectively and Individually deprived Mr. Brown of the right to be free from unreasonable search and seizures secured by the Constitution, the laws of the United States and the Fourth and Fourteenth Amendments;

37. Defendants collectively and Individually deprived plaintiff of his right to liberty without due process of law secured by the Constitution, the laws of the United States and the Fifth and Fourteenth Amendments;

38. As a result of the Defendants' unlawful actions, including the patently offensive physical conduct and threatening remarks made by Individual Defendants during the aforementioned arrest, confinement, and assault of Mr. Brown, these defendants Individually deprived Mr. Brown of Equal Protection under the law secured by the Constitution, the laws of the United States and the Fourteenth Amendment;

39. The unlawful acts of the defendants were intentional willful malicious performed with reckless disregard for and deliberate indifference to plaintiff's rights;

40. Defendants' constitutional violations are all actionable pursuant to 42 U.S.C. 1981, 1983, 1984, 1985, and 1986;

41. As a direct and proximate result of Defendants' unlawful actions, Mr. Brown has suffered, and will continue to suffer, damages including severe physical, mental and emotional injury and pain, as well as severe mental anguish, suffering, humiliation and embarrassment.

## SECOND CAUSE OF ACTION

### EXCESSIVE FORCE
(42 U.S.C. §1983, Fourth, Fifth and Fourteenth Amendments)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "38" hereinabove as if more fully set forth at length here in.

43. As a result of the effort Defendants' actions, including the use of excessive physical force, the Defendants deprived Mr. Brown of the rights privileges and immunity secured by the Constitution and the laws of the United States and the Fourteenth Amendment.

44. The acts of the Individual Defendants, acting under color of state law, including arresting and physically assaulting Mr. Brown, were racially motivated, undertaken without lawful justification, and taken with deliberate indifference to Plaintiff's rights, and were designed to, and did, cause specific and serious bodily harm, pain and suffering to Mr. Brown in violation of his constitutional rights as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Constitution. Because of these actions, Defendants are liable for violation of 42 U.S.C. §1983, which prohibits the deprivation, under color of state law, of rights secured under the Constitution.

45. As a direct and proximate result of Defendants' unlawful actions, Mr. Brown has suffered, and will continue to suffer, damages including severe physical, mental and emotional injury and pain, as well as severe mental anguish, suffering, humiliation and embarrassment.

## THIRD CAUSE OF ACTION

### DEPRIVATION OF LIBERTY
(42 U.S.C. §1983, Fifth and Fourteenth Amendments)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "42" hereinabove as if more fully set forth at length here in.

47. By their conduct, as described herein, Defendants are liable to Plaintiff under 42 U.S.C. §1983 for the violation, under color of state law, of the constitutional right to be free from any deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

48. As a consequence of the Individual defendants' actions, Mr. Brown has suffered violations of his due process rights under the Fifth and Fourteenth Amendments. Plaintiff

has fear and apprehension that he will, again, be subject to similar unlawful acts by Defendants.

49. Further, the Individual Defendants failed to intervene in order to prevent their Cp-Defendants from violating the rights of Plaintiff.

50. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including severe physical, mental and emotional injury and pain, as well as severe mental anguish, suffering, humiliation and embarrassment.

## FOURTH CAUSE OF ACTION

### EQUAL PROTECTION VIOLATION
(42 U.S.C. §1983, Fifth and Fourteenth Amendments)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "47" as if more fully set forth at length herein.

52. As a result of the Individual Defendants' unlawful actions, including racially profiling Mr. Brown and arresting and physical assaulting him, these defendants Individually deprived Mr. Brown of Equal Protection under the law secured by the Constitution, the laws of the United States and the Fifth and Fourteenth Amendments.

53. The Individual Defendants acted willfully, maliciously, and performed with reckless disregard for and deliberate indifference to Mr. Brown's Constitutional rights.

54. Defendants are liable for violation of 42 U.S.C. §1983, which prohibits the deprivation, under color of state law, of rights secured under the Constitution.

55. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including severe physical, mental and emotional injury and pain, as well as severe mental anguish, suffering, humiliation and embarrassment.

**PRAYER FOR RELIEF WHEREFORE**, Plaintiff Mr. Brown respectfully requests the following relief:

    A. An order entering judgment for Plaintiff against Defendants on each of his claims for relief;

    B. Awards to Plaintiff for compensatory damages against all Defendants, jointly and severally, for their violation of the Fourth, Fifth and Fourteenth Amendment, the amount to be determined at jury trial, which Plaintiff respectfully demands pursuant to FRCP 38;

    C. Awards to Plaintiff of punitive damages against Defendants on the basis of their conscious wrongdoing and callous indifference to the constitutional rights and welfare of Plaintiff, the amount to be determined at jury trial, which Plaintiff respectfully demands pursuant to FRCP 38;

    D. Awards to Plaintiff of nominal damages against Defendants on the basis of the constitutional violations herein alleged in the event that compensatory and/or punitive damages are unavailable on certain claims;

    E. Awards to Plaintiff for the costs of this action, including reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1920 and 1988; and

    F. Such further relief as this Court deems just and proper.

DATED:    New York, New York
          December 4th, 2020

 

                                                  Walter John Thompson, Esq.
Thompson Law, P.C.
250 West 57th Street, Suite 1632
New York, NY 10107
(646) 670-1672

*Attorney for Plaintiff*

## ATTORNEY VERIFICATION

WALTER JOHN THOMSPON, an attorney duly admitted to practice law in the State of New York, under penalties of perjury, affirms the following: deponent is the attorney for the Plaintiff Javone Brown in this action; deponent has read the foregoing Verified Complaint and knows its contents; the same is true to deponent's knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

The sources of my information and grounds of my belief as to all matters in the foregoing document not stated to be made upon my knowledge are based on consultation with the Plaintiff, correspondence and other documents furnished by the Plaintiff and general investigation of the facts.

This verification is made by me because my client does not reside within the County of New York where my office is located

Dated:      New York, New York
            December 4th, 2020

                                                    Walter John Thompson, Esq.