USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/4/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVONE BROWN,

Plaintiff,

-against-

CITY OF NEW YORK,

Defendant.

20-CV-10846 (CM) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Now before the Court is plaintiff Javone Brown's October 17, 2024 letter-application (Pl. Ltr.) (Dkt. 86) seeking a fifth extension of the discovery period so that he can obtain the personnel files of five police officers and then conduct an unspecified number of additional police officer depositions. On October 18, defendant City of New York (City) filed an opposition letter-brief (Def. Opp.) (Dkt. 88), and on October 23, plaintiff filed a reply letter-brief (Pl. Reply) (Dkt. 91). Most recently, on October 25, the City filed an unauthorized sur-reply letter-brief (Dkt. 92), which I have disregarded. *See* Moses Ind. Prac. § 2(e).

No conference is required. Plaintiff's motion will be granted in part. He may conduct the previously-noticed deposition of Officer Caparelli, who was unavailable for examination prior to the October 17, 2024 discovery cut-off. But plaintiff has not shown "good cause," as required by Fed. R. Civ. P. 16(b)(4), to further extend the discovery schedule in order to obtain the officers' personnel records, which he inexplicably did not request until October 7, 2024. Nor has he shown good cause for reopening deposition discovery generally, particularly after cancelling two scheduled depositions in September and then, on October 17, declining to proceed with the deposition of Sgt. Ferguson (who appeared as requested that day), opting instead to file the present application.

**Background**

Plaintiff Javone Brown filed this action on December 22, 2020, alleging that on June 9, 2018, a group of New York Police Department (NYPD) officers (sued as "Does") unlawfully stopped the car in which he was a passenger, arrested him without probable cause, beat him during the course of the arrest, strip-searched him at the precinct, and then beat him again in his cell. Compl. (Dkt. 3) ¶¶ 16-22.[1] Plaintiff sought damages from the Doe defendants, the NYPD, and the City, pursuant to 42 U.S.C. § 1983, for unlawful search and seizure, excessive force, deprivation of liberty, and violation of equal protection. Compl. ¶¶ 34-55.

On November 1, 2021, the Hon. Colleen McMahon, United States District Judge, referred the case to mediation (Dkt. 23), which was unsuccessful. (Dkt. 31.) On July 27, 2022, plaintiff sought leave to amend his complaint to name the seven individual NYPD officers involved in his arrest and its aftermath. (Dkt. 34.) On September 12, 2022, Judge McMahon denied the motion, noting that plaintiff learned the identity of all seven individuals on November 23, 2021 (three weeks before his deadline to amend as of right expired, and more than two months before the statute of limitations on his § 1983 claims ran), but sat in his rights for more than eight months before seeking leave to amend. (Dkt. 36.) On November 2, 2022, the City and the NYPD moved to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(c). (Dkt. 37.) On June 14, 2023, Judge McMahon granted the motion as to the NYPD, which is a non-suable entity, but denied it as to the City, holding that plaintiff's allegations, accepted as true for purposes of Rule 12(c), were sufficient to state a claim against the City for municipal liability under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). (Dkt. 52.)

[1] Brown later pleaded guilty to possession of drugs discovered during the search. Compl. ¶ 23.

Insofar as the record reflects, no discovery took place for the next 10 months. Then, on April 18, 2024, Judge McMahon directed the parties to complete discovery by May 20, 2024. (*See* Dkt. 62.) On May 16, 2024, the City took plaintiff's deposition. Over the next three months, the parties requested and received three extensions of the discovery deadline (totaling 120 days), all of them for the benefit of plaintiff, who repeatedly represented that he would use the time to take the depositions of the NYPD officers involved in plaintiff's arrest and search.[2] However, plaintiff did not serve any deposition notices for those officers until August 26, 2024, at which point he noticed nine depositions of NYPD officers and proposed to conduct all of them between September 11 and 18, 2024. *See* Def. Opp. at 1. Plaintiff did not, at that time, request any of the officers' personnel records. On September 4, Judge McMahon issued an Amended Trial Notice scheduling trial for December 9, 2024, preceded by a final pretrial conference on November 21. (Dkt. 82.)

On September 10, 2024 (one week before the then-current discovery deadline of September 17), plaintiff took his first deposition: of Sgt. Kentish. Def. Opp. at 1-2. That same day, plaintiff withdrew his request to examine Officer Urquoila, and "temporarily cancel[ed]" the deposition of Officer Porras, scheduled for September 11. *Id.* at 2 & nn.2-3. On September 12, the City produced

[2] On May 15, 2024, Judge McMahon extended the discovery deadline to June 19 so that plaintiff could "complete Defendant's depositions/discovery." (Dkt. 63.) On May 27, plaintiff served a deposition notice on the City pursuant to Fed. R. Civ. P. 30(b)(6), but made no effort to notice the depositions of the individual officers involved in the challenged arrest and search. The City objected to the Rule 30(b)(6) notice. On June 18, Judge McMahon extended the discovery deadline to July 19 so that the undersigned magistrate judge could resolve the parties' dispute regarding the Rule 30(b)(6) notice, and because "there are several fact witnesses to be deposed by Plaintiff." (Dkt. 66.) On August 1, during a discovery conference before me, plaintiff withdrew the Rule 30(b)(6) notice. *See* 8/1/24 Order (Dkt. 74) at 6. On August 13, Judge McMahon extended the discovery deadline for the third time, to September 17, "to allow for the depositions of the fact witnesses to be conducted." (Dkt. 78 at 2.) At the time plaintiff requested the third discovery extension, trial was scheduled to commence on October 21, 2024. (*See id.* at 1.)

a 570-page Civilian Complaint Review Board (CCRB) file. *Id.*; *see also* Pl. Reply at 2.[3] On September 13, plaintiff took the deposition of Sgt. Montilla. Def. Opp. at 2. On September 16, plaintiff requested a fourth extension of the discovery deadline – to October 17 – "to allow for the completion of depositions and any subsequent paper discovery." (Dkt. 84 at 1.) Plaintiff explained that the extra 30 days would "allow time to review the CCRB file in depth and schedule the remaining fact witness depositions." *Id.* He made no mention of any need for the officers' personnel records. On September 17, Judge McMahon granted the fourth extension. (Dkt. 85.)

At some point thereafter, plaintiff's counsel reviewed the CCRB records, whereupon it "became obvious" that plaintiff "would need copies of the noticed officer's employment files to determine what, if any, actions were taken by the City to address allegations of constitutional abuses." Pl. Ltr. at 1-2. Counsel does not specify when he reached this conclusion. He acknowledges, however, that plaintiff did not serve his demand for personnel records until October 7, 2024 – more than three weeks after receiving the CCRB file, and just ten days before the then-current, quadruply-extended discovery deadline of October 17. Pl. Ltr. at 2; Pl. Reply at 2.[4] The next day, defendant rejected the demand as untimely. Pl. Ltr. at 2; Def. Opp. at 3.

Plaintiff was scheduled to take his third deposition – of Sgt. Ferguson – on October 16, 2024. However, on October 15, plaintiff asked to reschedule the deposition to October 17 (the last

---

[3] The parties do not further describe the CCRB file. I surmise that it contained information concerning civilian complaints made against one or more of the officers plaintiff noticed for deposition.

[4] Neither party has provided a copy of plaintiff's October 7 discovery requests, which (according to the City) sought "complete personnel files and disciplinary records for 'the officers who were involved in the arrest subsequent search of the plaintiff including [sic] their medical and psychiatric files,'" as well as "'all reported incidents of police abuse for the 09 Precinct in New York County for a period of five years prior to this arrest and subsequent search of the Plaintiff.'" Def. Opp. at 2 (brackets in the original). The City states that plaintiff also served interrogatories on October 7, 2024. *Id.*

day of the discovery period), and defendant agreed. Def. Opp. at 2. On October 17, Sgt. Ferguson appeared at defendant's counsel's office for the (remote) deposition, but plaintiff declined to proceed. *Id.* Instead, plaintiff filed the instant application, in which he seeks to (1) compel production of "the employment records of the officers involved," Pl. Ltr. at 2, and (2) extend the discovery deadline "for an additional 30 days to complete the deposition of the noticed officers[.]" *Id.*[5] Defendant agreed to extend the discovery period in order to permit plaintiff to take the deposition of Officer Caparelli, who could not be produced prior to October 17 "due to a detail assignment." Def. Opp. at 2; *see also* Pl. Ltr. at 2. Defendant otherwise opposes plaintiff's motion, arguing that his October 7 written discovery requests were untimely, particularly since the same discovery "could have been done at any time since [plaintiff] learned the identities of the officers involved in this case in 2021." Def. Opp. at 3.

In his reply letter-brief, plaintiff argues that the records he seeks are "crucial to establishing a pattern of behavior, any prior misconduct, disciplinary records, and the City's knowledge of their actions," and thus are "highly relevant" to plaintiff's *Monell* claim. Pl. Reply at 1. He explains that the "delay in making the requests for the employment records after the delivery of the CCRB records" was "an oversight by Plaintiff's counsel." *Id.* at 2. He does not explain why he did not seek the same records at any time since 2021, when he learned the identity of the officers involved in his arrest and search, or, at a minimum, since June 14, 2023, when Judge McMahon permitted him to proceed towards trial against a single defendant – the City – pursuant to *Monell*.

**Legal Standards**

Trial courts have "broad discretion" to make decisions concerning "[t]he timing and sequence of discovery," *In re Buspirone Pat. Litig.*, 210 F.R.D. 43, 55 (S.D.N.Y. 2002), including

---

[5] Plaintiff apparently sought personnel records for five officers. *See* Pl. Reply at 3. However, he does not specify which officers he wishes to depose.

"whether to reopen discovery." *Polidora v. D'Agostino & Assocs.*, 2021 WL 11705833, at *3 (S.D.N.Y. Sept. 16, 2021). Once a discovery schedule has been set, it may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[A] finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Consequently, a "party seeking to reopen discovery must show why the court's deadlines could not reasonably have been made despite its diligence." *Saray Dokum ve Madeni Aksam Sanayi Turizim A.S. v. MTS Logistics Inc.*, 335 F.R.D. 50, 52 (S.D.N.Y. 2020) (quoting *King v. Friend of Farmer, Inc.*, 2000 WL 290355, at *1 (S.D.N.Y. Mar. 21, 2000)). Faced with a motion to reopen discovery or permit late discovery, after expiration of a court-established deadline, courts in this Circuit consider the following six factors:

> (1) [W]hether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*Saray Dokum*, 335 F.R.D. at 52; *accord Polidora*, 2021 WL 11705833, at *3.

**<u>Officer Caparelli's Deposition</u>**

Plaintiff has shown good cause to extend the discovery deadline for the purpose of deposing Officer Caparelli. Plaintiff timely noticed the Caparelli deposition, but was unable to conduct it (through no fault of his own) due to the witness's unavailability. Moreover, defendant "offered to consent to a limited extension of discovery for the purpose of his deposition." Def. Opp. at 2. Although defendant now complains that plaintiff "declined to schedule that deposition," *id.*, there is still time to conduct it before trial, and the City does not identify any particular prejudice that it will suffer if required to make Officer Caparelli available. Nor does it deny that Caparelli's testimony will be relevant to plaintiff's *Monell* claim. Accordingly, plaintiff's motion is

GRANTED to the extent that he may take the deposition of Officer Caparelli within the next two weeks, that is, no later than **November 18, 2024**.

**Document Discovery and Other NYPD Depositions**

Plaintiff has not shown good cause to extend the discovery schedule for the purpose of obtaining the personnel records of the NYPD officers involved in the 2020 arrest and search at issue in this action, which he could and should have requested earlier. Nor has he shown good cause for taking a late deposition of Sgt. Ferguson – who appeared for that purpose on October 17, as requested by plaintiff – or any of the remaining NYPD officers.

Plaintiff suggests that his counsel did not understand the relevance of the officers' personnel records until he reviewed the CCRB file. That is difficult to credit. As the City points out, plaintiff "learned the identities of the officers involved in this case in 2021." Def. Opp. at 3. On September 12, 2022, he learned that he would not be permitted to sue them individually (because he had waited too long to seek leave to amend his complaint). On June 14, 2023, he learned that he would be permitted to proceed against the City, pursuant to *Monell*, and thus would be required to prove that any constitutional violations committed by the individual officers who interacted with plaintiff "were the result of the failure of the NYPD to properly train, supervise and discipline its officers." Compl. ¶ 26; *see also id.* ¶ 29 (alleging that the complained-of misconduct was "directly and proximately caused" by the City's "failure: (a) to adequately supervise and train its officers and agents, . . . thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, . . . ; and (c) to adequately and properly investigate citizen complaints of police misconduct"). Moreover, during the August 1, 2024 conference, this Court pointed out that plaintiff had not yet "noticed the depositions of any of the NYPD officers involved with plaintiff's arrest and search," nor made any effort to discover, *inter alia*, "what training *they* received in relevant areas; whether prior

complaints were made about *them*; and how the NYPD responded to any such complaints." 8/1/24 Order at 5-6. On this record, no competent attorney could have failed to appreciate the potential relevance of the individual officers' training and disciplinary records.

Even if plaintiff could plausibly explain what it was in the CCRB file that first awakened him to the need for (portions of) the officers' employment files, he offers no excuse for the *additional* three-week delay between his receipt of the CCRB records and his request for those officers' files. See Pl. Reply at 2 (acknowledging that this was an "oversight by Plaintiff's counsel"). As a result of that oversight, plaintiff's document requests and interrogatories were served with just ten days remaining in the fact discovery period, and thus were untimely. *See, e.g.*, *Siemens Indus., Inc. v. Great Midwest Ins. Co.*, 2024 WL 3305602, at *2 (S.D.N.Y. June 4, 2024) ("In order to be timely, [a party's] discovery demands had to be received at least 30 days prior to the close of discovery[.]") (alterations in original) (quoting *Eng v. Blood*, 2008 WL 2788894, at *9 (N.D.N.Y. July 17, 2008)). Moreover, although the City "rejected Plaintiff's demand for employment records as untimely" on October 8, Pl. Ltr. at 2, he did not move to compel production, and to extend the discovery schedule, until October 17 – the day on which discovery closed. *See Siemens Indus.*, 2024 WL 3305602, at *2 ("A party ordinarily must file a motion to compel before the close of discovery and if it fails to do so, the motion will be deemed untimely.") (quoting *Owen v. No Parking Today, Inc.*, 280 F.R.D. 106, 112 (S.D.N.Y. 2011)).

In short, despite the "foreseeability" of the need for the documents now at issue, plaintiff has utterly failed to show that he was "diligent in obtaining discovery within the guidelines established by the court[.]" *Saray Dokum*, 335 F.R.D. at 52. Moreover, trial is imminent, defendant promptly objected to plaintiff's belated written discovery requests, and additional delay is likely

should those requests be entertained.[6] On balance, the factors listed in *Saray Dokum* weigh heavily against permitting plaintiff to extend or reopen discovery, at this late date, to obtain the officers' personnel records.

With respect to the deposition of Sgt. Ferguson, plaintiff offers no justification for his failure to take that deposition on October 17, when Ferguson appeared as requested, but plaintiff declined to proceed. *See generally Redcell Corp. v. A.J. Trucco, Inc.*, 2023 WL 7411734, at *2 (S.D.N.Y. Nov. 9, 2023) ("discovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery") (citing *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989)). Nor does plaintiff explain whether he plans to conduct additional depositions (beyond Ferguson) if this Court were to reopen discovery for that purpose; who the proposed deponents are; or why he did not conduct their depositions during the most recent 30-day extension. *See* Pl. Reply at 2 (advising that plaintiff will use the requested extension to "complete the outstanding depositions of the fact witnesses," without identifying any specific witnesses). Thus, five of the six relevant factors weigh heavily against this branch of plaintiff's application. Trial is imminent; defendant opposes the application; and the City, having "worked very quickly to make a large number of NYPD officers available to plaintiff" in September, Def. Opp. at 2, would likely be prejudiced if required to do so again, thereby further

---

[6] As noted above, plaintiff apparently requested the officers' "complete personnel files," including "medical and psychiatric records," as well as records for the 009 Precinct involving officers other than those who interacted with plaintiff. Def. Opp. at 2-3. In defendant's view, these requests are "incredibly overbroad and disproportionate to the needs of the case." *Id.* at 3 n.5. Plaintiff does not address this issue, or discuss any of the specifics of his document requests. Thus, were the Court to reopen the discovery schedule to permit plaintiff to conduct additional document discovery, it would be required to obtain additional briefing and/or hold additional proceedings to determine the scope of such discovery.

delaying the date on which it can move for summary judgment.[7] Moreover, despite knowing the identity of the "fact witnesses" since 2021, plaintiff failed to notice any depositions until late August, 2024, and failed to take any depositions between September 13 and October 17, even after he was granted a fourth extension of the discovery deadline for precisely that purpose.

I accept, for purposes of the pending application, that additional testimony from the officers involved in plaintiff's arrest and search would be relevant to his *Monell* claims against the City. However, relevance alone does not provide good cause to reopen the discovery schedule, particularly where, as here, the plaintiff missed multiple opportunities to obtain that testimony in a timely manner. Consequently, other than as to the Caparelli deposition, plaintiff's motion is DENIED.

## Conclusion

For the reasons forth above, plaintiff's motion (Dkt. 86) is GRANTED IN PART, to the extent that he may conduct the previously-noticed deposition of Officer Caparelli no later than **November 18, 2024**, and otherwise DENIED.

Dated: New York, New York
November 4, 2024

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**

[7] Defendant states that it has begun drafting a summary judgment motion, but has not yet received the transcripts of the depositions taken in September, "which are needed to complete its papers." Def. Opp. at 3 n.6. Under Fed. R. Civ. P. 56(b), summary judgment motions must be filed no later than "30 days after the close of all discovery," unless the court orders otherwise.